UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALLIED WORLD ASSURANCE COMPANY, LTD,

                              Petitioner,

               v.

AMUR FINANCE I LLC,

                             Respondent.
-----------------------------------------------------------------X

Case No.:

**PETITION TO RECOGNIZE CONFIRM AND ENFORCE A FOREIGN ARBITRAL AWARD**

Petitioner ALLIED WORLD ASSURANCE COMPANY, LTD ("Allied World"), by and through its attorneys, Clyde & Co US LLP, alleges and avers as follows in support of its Petition for entry of an Order pursuant to 9 U.S.C. § 207 (i) confirming and recognizing the final arbitral award dated November 3, 2016 issued by the London Court of International Arbitration (the "LCIA") in the arbitration styled *"Amur Finance I LLC and Bank of Utah (in its capacity as Owner Trustee of the MSN53519 and MSN5320 Trusts) v. Allied World Assurance Company LTD"* (the "Final Award")  (ii) entering judgment in Allied World's favor against Respondent Amur Finance I LLC ("Amur") in the amount of the Final Award with interest and costs as provided therein, plus the costs of this proceeding and (iii) awarding Allied World such other and further relief as the Court deems just and proper:

### NATURE AND SUMMARY OF ACTION

1. Respondent Amur and Bank of Utah commenced arbitration against Allied World before the LCIA which was conducted in London, England pursuant to the LCIA Rules (the "London Arbitration").  *See* Declaration of Paul Baker dated October 17, 2017 ("Baker Decl.") ¶ 3.

2. The LCIA Arbitration occurred pursuant to an arbitration agreement contained in a Trade Credit Insurance Policy TC17718/00 dated February 12, 2013 issued by Allied World, as

insurer, to Amur and Bank of Utah, as insureds (the "Policy").  Baker Decl. ¶ 4.  A certified copy of the Policy is attached as Exhibit "A" to the Declaration of Colm Singleton dated October 17, 2017 ("Singleton Decl.").

3.     On September 5, 2016, the arbitration panel in the London Arbitration (the "Tribunal") issued a Partial Award declaring, *inter alia*, that Amur and Bank of Utah did not suffer a "loss" under the Policy and that, accordingly, Allied World is not liable to indemnify them under the Policy.  *See* Baker Decl., Ex. "B" at 141.  The Tribunal also stated in the Partial Award that it would reserve determination of legal and other costs to the Final Award.  *See id.*

4.     On November 3, 2016, the Tribunal issued the Final Award, a certified copy of which is attached as Exhibit "C" to the Baker Decl. In the Final Award, the Tribunal awarded legal and other costs to Allied World in the sum of £140,000 plus $228,000 with interest.

5.     Petitioner Allied World now seeks confirmation, recognition and enforcement of the Final Award as against Respondent Amur.[1]

### PARTIES, JURISDICTION AND VENUE

6.     Petitioner Allied World was and still is a foreign business entity, organized and existing pursuant to the laws of Bermuda.  *See* Singleton Decl. ¶ 2.

7.     Respondent Amur was and still is a corporation with its place of business in White Plains, New York.  *See* Baker Decl., Ex. "A", p. 1; Singleton Decl., Ex. "A" (Declarations).  Accordingly, Amur is subject to the personal jurisdiction of this Court.

8.     This Court has original subject matter jurisdiction over Allied World's Petition pursuant to 9 U.S.C. § 203, which provides that the United States District Courts have original subject matter jurisdiction over a proceeding governed by the Convention on the Recognition

---

[1] Allied World is also filing a Petition to recognize, confirm and enforce the Final Award as against Bank of Utah in the United States District Court for the District of Utah.

2

and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), as implemented by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* and 9 U.S.C. § 201 *et seq.*

9. Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(b) and (c) because, save for the parties' arbitration agreement, an action or proceeding with respect to the controversy between the parties could have been brought in this District.

## STATEMENT OF FACTS

10. The underlying arbitration involved a coverage dispute which arose under the Policy issued by Allied World to Respondent Amur and Bank of Utah. *See* Baker Decl. ¶ 4.

11. The parties' arbitration agreement (the "Arbitration Agreement"), set forth in the Policy, provides:

> …The construction, validity and performance of this Policy shall be governed exclusively by the laws of England and Wales without regard to its choice of law rules. All disputes which may arise under or in connection with this Policy, including any determination of the amount of the Loss, shall be subject to arbitration in London, England under the auspices of the London Court of International Arbitration, in accordance with its then prevailing rules. The number of arbitrators shall be three.

*See* Singleton Decl., Ex. "A," Section VI, Clause G.

12. At all times relevant to this Petition, Respondent Amur and Bank of Utah were, respectively, the beneficial owner and the title owner of two 2002 Bell 407 helicopters (the "helicopters"). *See* Baker Decl, Ex. "B" at 4.

13. Amur and Bank of Utah, in its capacity as owner trustee, leased the helicopters to Helicopteros y Vehiculos Aereos Nacionales SA de CV ("Helivan") for the total sum of US $6,650,000.00. *See id.*

14. After Helivan failed to meet its payment obligations under the leases, Respondent Amur and Bank of Utah made claims to Allied World under the Policy, which claims Allied World declined (for reasons that were upheld in the underlying arbitration). *See id.*

3

15. Respondent Amur and Bank of Utah commenced the London Arbitration pursuant to the Arbitration Agreement by lodging a Request for Arbitration dated May 7, 2015 with the LCIA and serving it upon Allied World. *See id.* at 6.

16. In June 2015, the LCIA Court appointed the Tribunal, consisting of three arbitrators, to preside over the London Arbitration. *See id.*

17. After Allied World, Respondent Amur and Bank of Utah fully submitted their evidence and positions, the Tribunal issued a Partial Award dated September 5, 2016 declaring, *inter alia*, that Respondent Amur and Bank of Utah did not suffer a "loss" under the Policy and that, accordingly, Allied World is not liable to indemnify them under the Policy. The Tribunal also reserved determination of legal and other costs to the Final Award. *See id.* at 141.

18. Thereafter, on November 3, 2016, the Tribunal issued the Final Award in favor of Allied World on the issue of costs, directing:

- Amur and Bank of Utah, and each of them to be jointly and severally liable to pay to Allied World, its legal and other costs in the sums of **£140,000** plus **US$228,000**, within 30 days of the date of the Final Award.

- Interest to accrue on any unpaid legal and other costs as from 30 days after the date of this award at the rate of 1% over the daily sterling and dollar LIBOR.

*See* Baker Decl., Ex. "C" at 16.

19. Through counsel, Allied World repeatedly has followed up with Respondent Amur and Respondent Bank of Utah for satisfaction of the Final Award. *See* Baker Decl., Exs. "D"-"I".

20. In ongoing defiance of the Final Award, Respondent Amur and Bank of Utah continue to refuse to pay their obligations to Allied World. *See* Baker Decl. ¶ 14.

21. Accordingly, Allied World now seeks to enforce the Final Award against Respondent Amur in the total amount of:

- £140,000 plus £4.70 interest[2] per day from December 3, 2016 to the date of Judgment[3]; and

- $228,000 plus $8.96 interest[4] per day from December 3, 2016 to the date of Judgment.

22. Petitioner Allied World seeks leave of this Court to confirm the Arbitration Award in accordance with Section 207 of the New York Convention, which provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207.

23. The United Kingdom and the United States are parties to the New York Convention, which provides that a court sitting in any nation that is a party to the New York Convention must recognize and enforce a foreign arbitral award, where duly authenticated copies of both the agreement to arbitrate and the arbitral award are presented to the court, so long as the application for such is timely made and none of the delineated exceptions for non-recognition are present.

24. Allied World has provided duly authenticated copies of the parties' Arbitration Agreement and the Final Award.

25. This application to recognize and confirm the Final Award is timely in that it is brought within three (3) years from the date of the Final Award.

---

[2] The daily interest is calculated as follows: £140,000 x 1.22625% [1% over the daily sterling LIBOR as of December 3, 2016] ÷ 365 days = £4.70.

[3] As of November 9, 2017, 1 British Pound equals 1.31 US Dollars. Based upon that conversion rate, £140,000 = $183,666 and £4.70 = $6.17.

[4] The daily interest is calculated as follows: $228,000 x 1.43422% [1% over the daily dollar LIBOR as of December 3, 2016] ÷ 365 days = $8.96.

26.   Under the New York Convention, no grounds exist for this Court to refuse confirmation and recognition of the Final Award.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Allied World respectfully requests that this Court enter an Order and Judgment[5], pursuant to 9 U.S.C. § 207: (i) confirming and recognizing the Final Award, (ii) entering judgment in favor of Petitioner and against Respondent Amur Finance I LLC in the amount of the Final Award with the interest and costs as provided therein, plus the costs of this proceeding and post-judgment interest at the statutory rate in effect on this date and as set forth in 28 U.S.C. § 1981, and (iii) awarding Petitioner such other and further relief as the Court deems just and proper.

WHEREFORE, Petitioner Allied World prays:

A. That process in due form of law issue against the Respondent Amur Finance I LLC, citing Respondent Amur Finance I LLC to appear and answer under oath all, and singular, the matters alleged in the Petition;

B. That its foregoing Petition to Recognize, Confirm and Enforce the Foreign Arbitration Award be granted and the Final Award be recognized, confirmed, and made into a Judgment of this Court, to be entered in favor of Petitioner Allied World and against Respondent Amur Finance I LLC and that this Court also adjudge Respondent Amur Finance I LLC liable to Petitioner for interest on the Final Award and Judgment;

C. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the Judgment, and/or any further judgments which may be obtained;

---

[5] Allied World has submitted a proposed Final Judgment and Order Confirming Foreign Arbitral Award together with this Petition.

6

D. That this Court grant Petitioner its costs and expenses, including reasonable attorneys' fees, in pursuing Judgment and Enforcement; and

E. That Petitioner may have such other, further and different relief as may be just and proper.

Dated: New York, New York
November 9, 2017

CLYDE & CO US LLP

By: _____
Andrew J. Harakas
Nicholas L. Magali
405 Lexington Avenue
New York, New York 10174
Tel: (212) 710-3900
Fax: (212) 710-3950
andrew.harakas@clydeco.us
nicholas.magali@clydeco.us

*Attorneys for Petitioner*
ALLIED WORLD ASSURANCE COMPANY, LTD