UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ALLIED WORLD ASSURANCE COMPANY,
LTD,

                              Petitioner,

-against-

AMUR FINANCE I LLC,

                              Respondent.

------------------------------------------------------------ X

**ORDER DENYING MOTION TO STAY**

17 Civ. 8721 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Allied World Assurance Company, LTD ("Petitioner" or "Allied World") filed this petition to recognize, confirm and enforce a foreign arbitration award on November 9, 2017. The petition is based on a series of arbitration decisions, rendered by the London Court of International Arbitration, ruling in petitioner's favor on the merits and directing Amur Finance I LLC ("Respondent" or "Amur Finance") and Bank of Utah[1] to pay petitioner's attorneys' fees and costs. On January 18, 2018, respondent filed a motion to stay these proceedings pending the resolution of a parallel petition filed against Bank of Utah in the United States District Court for the District of Utah. For the reasons stated herein, the motion is denied.

## Background

        This case arises out of an insurance coverage dispute between Allied World, an insurance company, and Amur Finance and Bank of Utah, the insured parties. The underlying dispute concerns two 2002 Bell 407 helicopters, owned by Amur Finance and placed into a trust held by Bank of Utah, in its capacity as owner trustee. The helicopters were leased to a third

---

[1] Bank of Utah is not a party in this case.

party, and Allied World entered into a trade credit insurance policy with Amur Finance and Bank of Utah that would insure them against non-payment under the lease. When the third-party lessee defaulted, Amur Finance and Bank of Utah sought coverage from Allied World under the terms of the insurance policy. Allied World denied coverage, and Amur Finance and Bank of Utah commenced arbitration in London, England in 2015.

For reasons not relevant to the disposition of this motion, the three-member arbitration tribunal issued a Partial Award in favor of Allied World on the merits. The tribunal later issued a Final Award directing Amur Finance and Bank of Utah to pay Allied World's attorneys' fees and costs associated with the arbitration, jointly and severally, in the amount of £140,000 plus $228,000, within 30 days of the date of the Final Award. *See* Baker Declaration, ECF 6, Ex. C, at 16. When Amur Finance and Bank of Utah did not comply, Allied World filed this petition seeking to convert the Final Award into an enforceable judgment. On the same day this petition was filed, Allied World filed a materially identical petition against Bank of Utah in Federal District Court in Utah, where Bank of Utah would be subject to personal jurisdiction. The pendency of the Utah action gave rise to this motion to stay the proceedings.

### Discussion

Because petitioner is seeking to enforce an arbitration award rendered in a foreign state, confirmation is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 53, as implemented by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201–08. In such a case, the "district court's role . . . is strictly limited," and "the showing required to avoid summary confirmance is high." *Compagnie Noga D'Importation et D'Exportation, S.A. v. Russian Fed'n*, 361 F.3d 676, 683 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19, 23 (2d Cir.1997)). The party opposing enforcement bears

the burden of showing that one of the FAA's listed grounds for refusing to recognize an award is met. *See* 9 U.S.C. § 207; *see also Compagnie Noga*, 361 F.3d at 683.

The merits of this case, however, are not before me, because rather than opposing enforcement based on the grounds set out in the FAA, respondent filed the instant motion to stay the proceedings until the Utah District Court rules on a motion to dismiss or alternatively transfer the Utah case to this Court. It is well settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). In considering a motion to stay in a case of this kind, courts consider the following factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Frilando v. Dutchess Sch. of Driving, Inc.*, No. 15 CV 3972 (VB), 2016 WL 9503817, at *1 (S.D.N.Y. Apr. 18, 2016) (internal quotation marks omitted) (quoting *Kappel v. Comfort*, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996)).

Applying these factors, I conclude that a stay is not warranted. The issues currently being litigated in Utah, touching on whether under Utah law Bank of Utah may be sued in its capacity as a trustee, rather than in its individual capacity, are unrelated to this case. *See Allied World Assurance v. Bank of Utah*, 17-cv-1188 (RJS) (D. Utah), dkt. 4.[2] The resolution of that issue, scheduled to be argued to Judge Shelby on May 24, 2018, has no bearing on the merits of the instant petition.

---

[2] Bank of Utah alternatively moved to transfer the case to this Court.

Moreover, respondent will suffer no prejudice from proceeding to the merits in this case, and judicial economy would not be served by entering a stay. The Utah litigation is proceeding against a different party, and apart from the fact that Amur Finance and Bank of America share litigation counsel, respondent has identified no reason why it would be prejudiced if a stay is not granted in this case. The prospect of inconsistent judgments is marginal in a summary proceeding of this kind, and a decision in the Utah case "would not dispose of any issues in this litigation, result in controlling law, or have binding effect in this case." *Frilando*, 2016 WL 9503817, at *2. Petitioner has an interest in expeditiously resolving its claim, and a stay would serve no purpose apart from delaying a decision on the merits.

For the reasons stated herein, the motion is denied. If respondent wishes to challenge the petition to recognize, confirm and enforce the arbitration award, respondent shall do so by May 11, 2018. Opposition papers are due May 25, 2018. Any reply brief is due June 1, 2018. The clerk is instructed to terminate the motion (ECF 14). The oral argument, currently scheduled for May 23, 2018, is cancelled.

SO ORDERED.

Dated: April 30, 2018
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge